CLERK'S OFFICE U.S. DISTRICT. COURT
AT CHARLOTTESVILLE, VA
FILED

JUL 22 2026

LAURA A. AUSTIN, CLERK
BY: _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

**TANESHA HUDSON,**

Civil Action No.: 3:26CV00077

Plaintiff,

v.

**STONEHENGE HOMEOWNERS ASSOCIATION, INC.; ASSOCIA ONCALL;** Stephanie Korbel
**ASSOCIA COMMUNITY GROUP; DAVID ROBINSON; EVELYN DORRIER; KARL
RITCHEY; JENNIFER SCHERRER; PHILIP ADAMS; WALTER CAMPBELL;** Kimberly Walker
**SANJAY SURI; ~~STEVEN BRECKER~~,** Defendants.
Tom Kelly
Don Valcourt

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

## I. OVERVIEW OF THE CASE

This case arises from years of discriminatory treatment, selective enforcement, and retaliation by the Stonehenge Homeowners Association ("HOA"), its management company Associa OnCall, and individual board members and managers.

Although Plaintiff previously litigated construction-defect issues in state court — and **prevailed** — she later discovered that white homeowners with **identical or similar issues** received faster repairs, vendor approvals, and favorable fee treatment.

She also discovered in **May 2025** that **only African-American residents** were being charged late fees, while white residents were not.

After Plaintiff won her December 2024 breach-of-contract case, Defendants escalated retaliation by deleting her posts, blocking her access to HOA systems, issuing cease-and-desist letters, creating new policies targeting her speech, and continuing to deny repairs and access to records.

This action seeks relief under the Fair Housing Act for discrimination, retaliation, hostile housing environment, and discriminatory provision of services, as well as state-law claims.

## II. JURISDICTION AND VENUE

Federal question jurisdiction exists under 28 U.S.C. § 1331 because Plaintiff asserts claims under the Fair Housing Act, 42 U.S.C. §§ 3604(b) and 3617.

Supplemental jurisdiction exists under 28 U.S.C. § 1367.

Venue is proper under 28 U.S.C. § 1391(b).

## III. PARTIES

### Plaintiff

1. Plaintiff **Tanesha Hudson** is a Black homeowner residing in Charlottesville, Virginia.

### Entity Defendants

2. **Stonehenge Homeowners Association, Inc.** is a Virginia nonstock corporation.
3. **Associa OnCall** is a division of Associa Community Group providing management services to the HOA.
4. **Associa Community Group** oversees operations, supervision, and management personnel.

### Individual Defendants

5. **David Robinson** served as HOA President and exercised authority over enforcement, repairs, and communications.
6. **Evelyn Dorrier** served as a board member with authority over enforcement and homeowner treatment.
7. **Karl Ritchey** served as a board member during the period of discrimination.
8. **Jennifer Scherrer** served as a board member until her term ended.
9. **Philip Adams** served as Vice President of Operations for Associa.
10. **Walter Campbell** served as President of Operations for Associa.
11. **Sanjay Suri** served as temporary manager or Director of Operations.
12. **Steven Brecker** served as community manager for the HOA.
13. **Stephanie Korbell** served as a board member during the period of discrimination.
14. **Kimberly Walker** served as a board member during the period of discrimination.
15. **Tom Kelly** licensed Contractor for Associa On-Call
16. **Don Valcourt** served as Maintenance Supervisor

## IV. FACTUAL BACKGROUND

### A. Pre-2024 Discrimination and Unequal Treatment

13. Plaintiff purchased her home in March 2019
14. In 2022, Associa OnCall removed drip edges during siding replacement, creating entry points for rats, bees and water.

15. Plaintiff reported these issues repeatedly and was ignored until she filed a Civil Action against the HOA.
16. The HOA denied responsibility, falsely claimed inspections occurred, and performed secret repairs in April 2023 without required door tags.
17. Independent inspectors confirmed missing drip edge, gaps, and defective installation of siding devalued plaintiff home and caused internal damages to plaintiff unit.
18. Despite this, the HOA refused to repair Plaintiff's windows and roofline.

## B. Clarification Regarding Prior Litigation (Not Re-Litigating 2023–2024 Issues)

19. Plaintiff litigated the construction-defect issues in state court in 2023–2024.
20. Those issues included rats, windows, roof defects, and water intrusion.
21. The state court **heard and decided** those issues.
22. Plaintiff **prevailed** in December 2024.
23. Plaintiff is **not** asking this Court to re-litigate or overturn that judgment.
24. These facts are included **solely** to show:

- Civil conspiracy by all parties named above
- discriminatory treatment,
- fraud
- selective enforcement,
- disparate treatment, and
- retaliation that Plaintiff **did not discover until 2024–2026**.

## C. Discovery of Comparator Evidence (2024–2026)

### 1. Jason Wesson (White Homeowner)

25. Reported rat/drip-edge issues on September 7, 2024.
26. His repairs were completed by October 7, 2024 — **within 30 days**.
27. He was allowed to use **Colvin's**, a vendor of his choice.
28. He was **not** issued cease-and-desist letters.

### 2. Cindy Myer (White Homeowner)

29. Reported missing drip edge on December 5, 2024.
30. Repairs were completed by January 31, 2025.
31. Her roof received full structural repairs that Plaintiff was denied.

### 3. TownSq Posting Disparities 2025, 2026

32. White homeowners — including **Vladimir Cupovic, Yuqing Wang, Jennifer Scheer, and Drew Masterson** — posted criticisms without deletion or restriction.
33. Plaintiff's posts were deleted, and she was blocked.

## D. Selective Enforcement and May 2025 Late-Fee Discovery

34. In **May 2025**, Plaintiff discovered that **only African-American residents** were being charged late fees.
35. White residents were not charged or were charged reduced fees.
36. The HOA placed a **silent lien** on Plaintiff's home despite knowing she was withholding dues due to unresolved damages.
37. Plaintiff was falsely accused of violating social-media policies and told she must mail all requests via USPS.

## E. Post-Judgment Retaliation (Dec 2024–Present)

38. After Plaintiff won her December 2024 case, retaliation escalated.
39. The HOA created new "decorum," "books and records," and "social media" policies targeting Plaintiff.
40. Plaintiff's posts were deleted in real time.
41. Plaintiff was blocked from TownSq and the dues portal.
42. Plaintiff received cease-and-desist letters after filing Fair Housing complaints.
43. Board President David Robinson told Plaintiff she "could move if she didn't like how long the fixes were taking."
44. Board members, including Robinson and Dorrier, used profanity toward Plaintiff.
45. Repairs to Plaintiff's windows remain unaddressed.

## F. Hostile Housing Environment

46. Plaintiff and her children were restricted from facility use.
47. Plaintiff unable to use community forum and communicate with other residents because her posts were deleted.
48. Plaintiff was called outside her name from former President Evelyn Dorrier.
49. Plaintiff was told if she didn't like how long repairs was taking, she could just move by former President David Robinson.
50. Plaintiff was told her windows would not be repaired after filing a CICB complaint with the HOA board even after three inspectors came out.

## V. INDIVIDUAL DEFENDANT CONDUCT

49. **David Robinson** directed or approved deletion of posts, used profanity, retaliated after litigation, and denied repairs.
50. **Evelyn Dorrier** participated in discriminatory enforcement and used profanity.
51. **Karl Ritchey** participated in discriminatory enforcement and repair decisions.
52. **Jennifer Scherrer** participated in discriminatory enforcement until her term ended.
53. **Philip Adams** oversaw operations, participated in discriminatory enforcement and denied repairs.
54. **Walter Campbell** supervised management decisions affecting Plaintiff.
55. **Stephanie Korbell** participated in discriminatory enforcement and repair decisions.
56. **Kimberly Walker** participated in discriminatory enforcement and repair decisions.

## VI. CAUSES OF ACTION

**COUNT I – Disparate Treatment Based on Race**

**Fair Housing Act, 42 U.S.C. § 3604(b)**

**(Against All Defendants)**

Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

1. Plaintiff is a Black homeowner and a member of a protected class under the Fair Housing Act.
2. Defendants are housing providers and agents responsible for administering, managing, and enforcing the terms, conditions, and privileges of housing within the Stonehenge community.
3. Section 3604(b) of the Fair Housing Act prohibits discrimination in the terms, conditions, or privileges of the sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, on the basis of race.
4. Defendants treated Plaintiff differently than similarly situated white homeowners in multiple respects, including but not limited to:
    - denying or delaying repairs;
    - refusing vendor approvals;
    - deleting Plaintiff's posts while allowing white residents to post freely;
    - blocking Plaintiff's access to TownSq and the dues portal;
    - issuing cease-and-desist letters to Plaintiff but not to white residents;
    - charging Plaintiff late fees not charged to white residents;
    - imposing liens and attorney fees not imposed on white residents.
5. Plaintiff discovered in 2023–2025 that white homeowners with identical or similar construction-defect issues received faster repairs, were allowed to use third-party vendors, and were not subjected to punitive enforcement.
6. Comparators include, but are not limited to:
    - **Jason Wesson**, whose rat and drip-edge issues were repaired within 30 days;
    - **Cindy Myer**, whose missing drip edge and roof issues were repaired promptly and thoroughly;
    - **Vladimir Cupovic**, **Yuqing Wang**, **Jennifer Scheer**, and **Drew Masterson**, whose posts criticizing the HOA were not deleted.
7. The only material difference between Plaintiff and these comparators is race.
8. Defendants' discriminatory actions altered the terms, conditions, and privileges of Plaintiff's housing and denied her equal access to housing-related services.
9. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered property damage, emotional distress, humiliation, inconvenience, and loss of enjoyment of her home.

**WHEREFORE**, Plaintiff seeks all relief described in the Prayer for Relief.

**COUNT II – Retaliation**

**Fair Housing Act, 42 U.S.C. § 3617**

**(Against All Defendants)**

Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

1. Plaintiff engaged in protected activity under the Fair Housing Act, including:
   - reporting unsafe housing conditions;
   - requesting repairs;
   - challenging selective enforcement;
   - filing a DPOR complaint;
   - filing a HUD complaint;
   - prevailing in a breach-of-contract case in December 2024.
2. Defendants knew of Plaintiff's protected activity.
3. After Plaintiff engaged in protected activity, Defendants took adverse actions against her, including:
   - deleting her TownSq posts;
   - blocking her access to HOA systems;
   - issuing cease-and-desist letters;
   - creating new "decorum," "books and records," and "social media" policies targeting her;
   - delaying or denying repairs;
   - imposing late fees and liens;
   - making false statements about her claims;
   - attempting to silence her communications;
   - using profanity and hostile language toward her.
4. These adverse actions occurred within days or weeks of Plaintiff's protected activity, demonstrating retaliatory motive.
5. Defendants' stated reasons for their actions are pretextual.
6. Defendants' conduct constitutes coercion, intimidation, threats, and interference with Plaintiff's exercise of her rights under the Fair Housing Act.
7. As a direct and proximate result, Plaintiff suffered emotional distress, financial harm, and diminished enjoyment of her home.

**WHEREFORE**, Plaintiff seeks all relief described in the Prayer for Relief.

**COUNT III – Hostile Housing Environment**

**Fair Housing Act, 42 U.S.C. §§ 3604(b), 3617**

**(Against All Defendants)**

Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

1. Plaintiff is a member of a protected class.
2. Defendants subjected Plaintiff to unwelcome conduct based on race, including:
   - ignoring hazardous conditions;
   - denying repairs;
   - deleting her posts;
   - blocking her access to HOA systems;
   - issuing cease-and-desist letters;
   - selectively enforcing rules;
   - using profanity and hostile language;
   - retaliating after she asserted her rights.
3. The conduct was severe or pervasive, occurring continuously from 2022 through the present.
4. The conduct created unsafe, unhealthy, and humiliating living conditions, including rat infestation, mold, and water intrusion.
5. Plaintiff and her children experienced fear, anxiety, sleep disruption, and emotional distress.
6. Defendants knew or should have known of the conduct and failed to take corrective action.
7. Defendants' conduct interfered with Plaintiff's use and enjoyment of her home and created a hostile housing environment in violation of the Fair Housing Act.
8. HOA's actions were racially motivated and unlawfully interfered with the use and enjoyment of her [**9] home, altered the "terms, conditions, or privileges" related to her home, and denied or limited the services to which she was entitled as a homeowner, in violation of Section 3604(b) Section 3604(b) prohibits race-based discrimination related to the sale or rental of a home, including its attendant facilities and services. 42 U.S.C. § 3604(b). Section 3604(b) as "terms, conditions, or privileges" related to the sale of her home, or as part of the "provision of services or facilities in connection therewith."

**WHEREFORE**, Plaintiff seeks all relief described in the Prayer for Relief.

## COUNT IV – Discriminatory Provision of Services

## Fair Housing Act, 42 U.S.C. § 3604(b)

## (Against All Defendants)

Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

1. Defendants provided timely, adequate, and complete services to white residents with similar issues.

2. Defendants denied, delayed, or refused services to Plaintiff despite independent confirmation of defects.
3. Defendants charged Plaintiff excessive fees, liens, and attorney fees not charged to white residents.
4. Defendants' differential treatment was based on race.
5. Defendants' conduct violated § 3604(b) by providing housing-related services in a discriminatory manner.
6. Plaintiff suffered property damage, emotional distress, and financial harm as a result.
7. HOA's actions were racially motivated and unlawfully interfered with the use and enjoyment of her [**9] home, altered the "terms, conditions, or privileges" related to her home, and denied or limited the services to which she was entitled as a homeowner, in violation of Section 3604(b) and Section 3617 of the FHA. The HOA's discriminatory conduct also denied her equal contract rights in violation of Section 1981 of the Civil Rights Act and denied her equal property rights based on her race in violation of Section 1982 of the Civil Rights Act.

**WHEREFORE**, Plaintiff seeks all relief described in the Prayer for Relief.

## COUNT V – Breach of Fiduciary Duty

### (Against Defendant HOA)

Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

1. As a homeowners association, the HOA owes fiduciary duties to its members, including Plaintiff.
2. These duties include:
    - acting in the best interests of all members;
    - maintaining common areas and structural elements;
    - treating all members fairly and without discrimination;
    - enforcing rules consistently.
3. The HOA breached these duties by:
    - failing to maintain structural components;
    - denying repairs despite knowledge of defects;
    - selectively enforcing rules and fees;
    - retaliating against Plaintiff;
    - discriminating based on race;
    - acting to protect itself rather than homeowners.
4. Plaintiff suffered property damage, emotional distress, and financial harm as a result.
5. The HOA's breach was the proximate cause of Plaintiff's damages.

**WHEREFORE**, Plaintiff seeks all relief described in the Prayer for Relief.

**COUNT VI – Breach of Contract**

**(Against Defendant HOA)**

Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

1. Plaintiff is a member of the HOA and is bound by its governing documents, which constitute a contract.
2. The HOA's governing documents require it to maintain common areas and structural elements, including siding, roofline, flashing, and drip edges.
3. The HOA breached the contract by:
   - failing to properly install and maintain these components;
   - refusing to repair defects;
   - failing to comply with the December 2024 court order;
   - failing to follow its own policies;
   - selectively enforcing rules and fees.
4. Plaintiff suffered property damage, emotional distress, and financial harm as a result.
5. The HOA's breach was the proximate cause of Plaintiff's damages.

**WHEREFORE**, Plaintiff seeks all relief described in the Prayer for Relief.

**COUNT VII – Negligence Per Se**

**(Against All Defendants)**

Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

1. Defendants owed Plaintiff a duty of reasonable care in maintaining the property and managing repairs.
2. Defendants breached that duty by:
   - removing drip edges;
   - failing to inspect work;
   - ignoring reports of defects;
   - performing substandard repairs;
   - failing to act on independent inspector findings.
3. Defendants' conduct fell below the standard of care required under Virginia law.
4. Plaintiff suffered property damage, emotional distress, and financial harm as a result.
5. Defendants' negligence was the proximate cause of Plaintiff's damages.

**WHEREFORE**, Plaintiff seeks all relief described in the Prayer for Relief.

**COUNT VIII – FRAUD**

**(Against All Defendants)**

Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

1.  Defendants owed Plaintiff a duty of reasonable care in maintaining the property and managing repairs.
2.  Defendants breached that duty by:
    o   Selective enforcement;
    o   Selective Policy Violations;
    o   Selective Placing of Illegal Liens outside of the Virginia Property Owners Association Act and Fair Debt Collection Practices Act;
3.  Defendants' conduct fell below the standard of care required under Virginia law.
4.  Plaintiff suffered emotional distress, and financial harm as a result.

**WHEREFORE**, Plaintiff seeks all relief described in the Prayer for Relief.


## COUNT VIII – Civil Conspiracy Deprivation of Rights

**(Against All Defendants)**

Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

1.  Defendants owed Plaintiff a duty to abide by the US Civil Rights Act of 1983, US Fair Housing Act of 1968, Virginia Property Owners Association Act and Fair Debt Collections practices Act.
2.  Defendants breached that duty by:
    o   Conspiring to deny any person or group their right to "equal protection of the laws" or "equal privileges and immunities"
    o   Selective enforcement of late fees
    o   Selective deletion of comments on community forum and selective use of community forum
    o   Selective Policy Violations and fines violation;
    o   Selective Placing of Liens outside of the Virginia Property Owners Association Act and Fair Debt Collection Practices Act;
3.  Defendants' conduct fell below the standard of care required under Federal Law and Virginia state law.
4.  Plaintiff suffered emotional distress, and financial harm as a result.

**WHEREFORE**, Plaintiff seeks all relief described in the Prayer for Relief. I ask the court to accept this lawsuit submitted pro se by Ms. Tanesha Hudson. I am asking the court to grant the maximum relief allowed based on the Federal Statue Violations. I am requesting the maximum amount allowed in the sum of $10,000,000.00 since my CIVIL RIGHTS & FAIR HOUSING RIGHTS WERE VIOLATED.

Respectfully submitted,

Lanesha Hudson
P.O. Box 6031
Chville, Va 22906
(434) 806-8952